## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## NORTHERN DIVISION

| | |
|---|---|
| JC CLAIR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:22-cv-00085-JMB |
| | ) |
| ADAIR COUNTY, | ) |
| | ) |
| Defendant. | ) |

### OPINION, MEMORANDUM AND ORDER

Before the Court is the application of self-represented plaintiff JC Clair to proceed in the district court without prepaying fees or costs. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will grant the motion. Furthermore, based upon an initial review, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted a ledger from the commissary at the Adair County Detention Center from July 4, 2022 to December 3, 2022. The ledger does not comply with 28 U.S.C. § 1915(b) and does not clearly show deposits and withdrawals. Having reviewed this ledger, however, the Court finds plaintiff does not have the money to pay the full amount of the filing fee and will assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff cannot afford the initial partial filing fee, he shall submit an inmate account statement as required by 28 U.S.C. § 1915(b).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without prepayment of the filing fee if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679.

When reviewing a self-represented plaintiff's complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented litigant's complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## The Complaint

Plaintiff is a self-represented litigant currently incarcerated at the Adair County Detention Center in Kirksville, Missouri. He brings this civil action pursuant to 42 U.S.C. § 1983, naming as defendant Adair County in its official capacity. His claims arise out of an alleged threat he received to his life while in custody at the Adair County Detention Center.

Plaintiff states that on November 4, 2022 at 7 p.m. while on a secure phone in B-pod, he was told by fellow inmates that "they got word that I've been writing statements (green light)." He alleges that he and his brother have received threats on their lives. He states he has suffered mental stress and severe panic arising out of these events.

For relief, he seeks an order of protection, lost wages, and a mental evaluation.

## Discussion

Because plaintiff is proceeding without prepaying fees and costs, the Court reviews his complaint under 28 U.S.C. § 1915. Based on this review, and for the reasons discussed below, the Court has determined that plaintiff's complaint is subject to dismissal.

Plaintiff names as his only defendant Adair County in its official capacity. A local governing body can be sued directly under 42 U.S.C. § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). To prevail on this type of claim, however, the plaintiff

must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). Here, plaintiff's claims arise out of an alleged death threat made to him by an unnamed individual. He has made no allegations that Adair County had an official policy, unofficial custom, or a failure to train or supervise that unconstitutionally injured him. Therefore, his claims against Adair County must be dismissed.

Even if plaintiff had alleged his claims against an individual defendant as opposed to the governmental entity Adair County, his claims would still fail as a matter of law. He has not alleged that any state actor violated any of his constitutional rights. A defendant can only be held liable pursuant to § 1983 for actions taken under color of state law. *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008); *see also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties). Plaintiff does not allege any official or employee of the Adair County Detention Center threatened his life or committed any unconstitutional injury.

To the extent plaintiff might be alleging an unconstitutional failure to protect, "prison officials violate the Eighth Amendment only when they exhibit a deliberate or callous indifference to an inmate's safety." *Patterson v. Kelley*, 902 F.3d 845, 851 (8th Cir. 2018). Plaintiff has not alleged any prison official exhibited a deliberate indifference to his safety. He has not established any prison official knew of the alleged threat to his life and acted with deliberate or callous indifference.

For these reasons, the Court will dismiss plaintiff's complaint brought against defendant Adair County for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees and costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within **thirty (30) days** of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendant Adair County are **DISMISSED** without prejudice. An order of dismissal will accompany this opinion, memorandum and order.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED as moot**. [ECF No. 3]

Dated this 28th day of December, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE